UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE GERARD BURGER,

                      Petitioner,                      Case Number 08-10085
                                                              Honorable David M. Lawson

v.

JOHN PRELESNIK,

                      Respondent,

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
CERTIFICATE OF APPEALABILITY**

The petitioner filed a petition for a writ of habeas corpus on January 7, 2008. On September 27, 2011, the Court entered an opinion and order denying the petition, determining that the admission of other-act evidence was a not a violation of his due process rights, that he was not denied ineffective assistance of trial or appellate counsel, and that his guilty verdict was supported by sufficient evidence. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such

a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Concerning the issue of the admission of other-acts evidence, the Court finds that reasonable jurists could debate whether admitting the petitioner's prior conviction was a mistake "so egregious that it result[ed] in a denial of fundamental fairness," violating due process and warranting federal habeas relief.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Therefore, the Court will grant a certificate of appealability on this issue.  However, the Court finds that reasonable jurists could not debate that the petitioner's appellate counsel's failure to characterize the state evidentiary claim as a due process violation did not cause appellate counsel's performance to fall outside the wide range of professionally competent assistance, that trial counsel's decisions not to object to an in-court identification or to seek a cautionary jury instruction on this identification were strategic decisions that constituted a reasonable approach to the case, or that the petitioner's conviction was supported by sufficient evidence.  Therefore, the Court will deny a certificate of appealability on the other-act evidence issue.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's claim that the admission of other-act evidence constituted a denial of due process.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to the petitioner's ineffective assistance of trial and appellate counsel claims and as to the petitioner's insufficient evidence claim.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL